UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY McQUERY,<br><br>              Plaintiff,<br><br>v.<br><br>CITY OF SAN DIEGO, et al.,<br><br>              Defendant. | Case No.:  16cv170 BAS<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S LETTER REQUEST FOR APPOINTMENT OF COUNSEL** |

On July 20, 2016, Plaintiff filed an *ex parte* letter with the Court inquiring "if [he] was going to be appointed an attorney?" [ECF No. 12 at 1.]  Plaintiff seems to indicate in the letter that appointment of counsel may be warranted due to his alleged indigency.  *Id.*

"There is no constitutional right to appointed counsel in a § 1983 action." *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (*citing Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981)); *see also Hedges v. Resolution Trust Corp. (In re Hedges)*, 32 F.3d 1360, 1363 (9th Cir. 1994) ("[T]here is no absolute right to counsel in civil proceedings.") (citation omitted). Federal courts do not have the authority "to make coercive appointments of counsel." *Mallard v. United States District Court*, 490 U.S. 296, 310 (1989); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995).

Districts courts have discretion, however, pursuant to 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Rand*, 113 F.3d at 1525. "A finding of the exceptional circumstances of the plaintiff seeking assistance requires at least an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" *Agyeman*, 390 F.3d at 1103 (*quoting Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

The Court denies Plaintiff's letter request, as neither the interests of justice nor exceptional circumstances warrant the appointment of counsel at this time. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Terrell*, 935 F.2d at 1017. Plaintiff has thus far been able to articulate his claims for use of excessive force and deliberate indifference. [ECF No. 1.] Moreover, it does not appear that the legal issues involved with respect to those claims are so complex that counsel is warranted at this stage of the proceedings. *See Wilborn v. Escalderon*, 789 F.3d 1328, 1331 (9th Cir. 1986) (noting that, "If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues."). Because exceptional circumstances have not been shown at this point to warrant appointment of counsel, Plaintiff's letter request for appointment of counsel is **DENIED without prejudice.**

Dated: July 21, 2016

Hon. Bernard G. Skomal
United States Magistrate Judge