# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY MCQUERY,<br><br>                  Plaintiff,<br><br>v.<br><br>CITY OF SAN DIEGO, *et al.*,<br><br>                  Defendants. | Case No. 16-cv-170-BAS(BGS)<br><br>**ORDER:**<br><br>**(1) DENYING PLAINTIFF'S REQUEST FOR EVIDENCE AND APPOINTMENT OF COUNSEL;**<br><br>**(2) APPROVING AND ADOPTING REPORT AND RECOMMENDATION IN ITS ENTIRETY;**<br><br>**(3) GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; AND**<br><br>**(4) DENYING DEFENDANTS' MOTION TO DISMISS AS MOOT**<br><br>**[ECF Nos. 18, 23, 25, 29]** |

## I. BACKGROUND

### A. Procedural History

Plaintiff Stanley McQuery filed this Complaint on January 22, 2016. (ECF No. 1.) On May 10, 2016, the Court issued a Scheduling Order. (ECF No. 10.) Among other dates, the Court ordered that discovery be completed by September 12, 2016. (Scheduling Order ¶ 5, ECF No. 10.) Mr. McQuery did not make any discovery

requests of Defendants, and he failed to respond to discovery requested by the Defendants. (*See* Scott Decl. ¶¶ 3-5, 7-8, Ex. F, ECF No. 18-3.)

On January 9, 2017, Defendants filed a Motion for Summary Judgment. (ECF No. 18.) The Court served Mr. McQuery with a notice pursuant to *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988), ordering him to respond to the Motion for Summary Judgment by March 9, 2017, and explaining to him that if he did not respond, his case could be dismissed in its entirety. (ECF No. 19.) Mr. McQuery failed to respond.

On April 25, 2017, Defendants filed a Motion to Dismiss for lack of prosecution. (ECF No. 23.) By this date, pretrial deadlines had passed, and Mr. McQuery had done nothing to proceed with his case. In light of these pending motions, on May 2, 2017, the Court vacated the remaining pretrial and trial dates pending the outcome of the motions. (ECF No. 24.)

The Magistrate Judge has now issued a Report and Recommendation ("R&R") recommending that this Court grant the Motion for Summary Judgment and Deny the Motion to Dismiss for lack of prosecution as moot. (ECF No. 25.) The R&R ordered that any Objections to the R&R be filed by May 19, 2017. (*Id.*) The Court directed that any Objections be captioned "Objections to Report and Recommendation." (*Id.*)

On May 16, 2017, Mr. McQuery filed a document titled "Order Vacating Pretrial Dates, Hearings and Trial" in which he states: (1) he is asking the Court to order certain items; (2) his change of address was not followed; and (3) he is requesting a lawyer. (ECF No. 27.) On May 19, 2017, Mr. McQuery filed a document titled "Reject the Motion for Defendants" in which he again requests additional documents in discovery and asks for counsel. (ECF No. 29.) Finally, on June 2, 2017, Mr. McQuery filed a document titled "Opposition to Motion Nunc Pro Tunc" in which he states he is "opposing all motions the Defendants are trying to get the courts to grant." (ECF No. 31.)

### B. Mr. McQuery's Address Change

When Mr. McQuery filed his Complaint, he was housed at George Bailey Detention Facility. (ECF No. 1.) On March 23, 2016, the Court received notice, from the Watch Commander at George Bailey, that Mr. McQuery had moved to the California Institute for Men in Chino on February 18, 2016. (ECF No. 6.) Therefore, the Court reissued the IFP package, updated Mr. McQuery's address, and resent the Court's Order. (ECF No. 7.) Mr. McQuery apparently received this package because, on April 19, 2016, he filed the executed Summons sent to him at the California Institute for Men. (ECF No. 8.)

On July 15, 2016, Mr. McQuery sent the Court a letter indicating that he had been moved to California Men's Colony in San Luis Obispo. (ECF No. 12.) On September 23, 2016, he filed a notice confirming this address change. (ECF No. 14.) All motions at issue in this case—including the Motion for Summary Judgment, the Motion to Dismiss, and the R&R—were sent to Mr. McQuery at the California Men's Colony, where he apparently remains today.

## II. ANALYSIS

### A. Appointment of Counsel

"[T]here is no constitutional right to appointed counsel for § 1983 claims." *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see also Hedges v. Resolution Trust Corp.*, 32 F.3d 1360, 1363 (9th Cir. 1994) ("[T]here is no absolute right to counsel in civil proceedings.") (citations omitted).

District courts may request that an attorney represent an indigent civil litigant upon a showing of "exceptional circumstances." *See Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). "A finding of exceptional circumstances . . . requires at least an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" *Id.* (quoting *Wilborn v. Escalderon*, 789

F.2d 1328, 1331 (9th Cir. 1986)).

In this case, neither exceptional circumstances nor interests of justice warrant appointment of counsel. As discussed in the R&R, Mr. McQuery's likelihood of success on the merits is low. Furthermore, although he has failed to make much of an effort to pursue this lawsuit, Mr. McQuery has shown himself able to respond and articulate his position, when he chooses to do so. The facts are not complicated and the case does not involve complex legal issues. Therefore, to the extent Mr. McQuery is requesting appointment of counsel, that request is **DENIED**. (ECF No. 29.)

### B. Amendment of Scheduling Order To Allow Discovery

In what appears to be his Oppositions to the R&R, Mr. McQuery requests that both the Court and Defendants produce numerous items of discovery. In its Pretrial Scheduling Order, the Court ordered that all discovery be completed by September 12, 2016. (Scheduling Order ¶ 5.) Therefore, the Court will construe Mr. McQuery's requests for discovery as a motion to amend the scheduling order to allow him to conduct discovery.

Pursuant to Rule 16(b)(4), a Court's scheduling order may be modified "only for good cause." "Good cause" focuses primarily on the diligence of the individual seeking the modification. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). The Court should look at the "party's reasons for seeking modification . . . . If that party was not diligent, the inquiry should end." *Id.* Further, a party seeking a continuance to pursue further discovery must "proffer sufficient facts to show that the evidence sought exists . . . and that it would prevent summary judgment." *Nidds v. Schindler Elevator Corp.*, 113 F.3d 912, 921 (9th Cir. 1990).

In this case, Mr. McQuery has neither demonstrated diligence nor facts to show that the requested discovery would prevent summary judgment. Mr. McQuery has not responded to any of Defendants' discovery requests. He failed to respond to Defendants' Motion for Summary Judgment, filed six months ago. He failed to

respond to the Defendants' Motion to Dismiss. In fact, he failed to do anything to move the case forward since it was filed eighteen months ago. He fails to indicate why he is now, almost eight months after the discovery deadline, requesting more time to pursue discovery.

Furthermore, many of the items Mr. McQuery seeks—his medical records from the hospitals where he was treated, and his criminal records—are documents he can obtain without the assistance of the Court or Defendants. There is no evidence that the body-cam footage he requests exists. Finally, some of his requests, for example, "all evidence the defendants have on the investigation of the K-9 officers" are vague. Mr. McQuery fails to show how any of these items would assist him in his response to the Motion for Summary Judgment.

Therefore, to the extent Mr. McQuery's Request for Evidence is requesting that the scheduling order be modified so he can now pursue discovery, that request is **DENIED**. (ECF No. 29.)

### C. Motion for Summary Judgment

The Court reviews *de novo* those portions of the R&R to which objections are made. 28 U.S.C. § 636(b)(1). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* But "[t]he statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (concluding that where no objections were filed, the district court had no obligation to review the magistrate judge's report). "Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct." *Id.* "When no objections are filed, the de novo review is waived." *Marshall v. Astrue*, No. 08cv1735, 2010 WL 841252, at

*1 (S.D. Cal. Mar. 10, 2010) (Lorenz, J.) (adopting report in its entirety without review because neither party filed objections to the report despite the opportunity to do so). This rule of law is well-established in the Ninth Circuit and this district. *See Wang v. Masaitis*, 416 F.3d 992, 1000, n. 13 (9th Cir. 2005) ("Of course, de novo review of a R & R is only required when an objection is made to the R & R."); *Nelson v. Giurbino*, 395 F. Supp. 2d 946, 949 (S.D. Cal. 2005) (Lorenz, J.) (adopting report in its entirety without review because neither party filed objections to the report despite the opportunity to do so); *see also Nichols v. Logan*, 355 F. Supp. 2d 1155, 1157 (S.D. Cal. 2004) (Benitez, J.).

Objections must be written and specific. *See, e.g.*, Fed. R. Civ. P. 72(b)(2) ("[A] party may serve and file *specific* written objections to the proposed findings and recommendations" of the magistrate judge) (emphasis added). "Numerous courts have held that a general objection to the entirety of a Magistrate Judge's [R&R] has the same effect as a failure to object." *Alcantara v. McEwen*, No. 12-cv-401-IEG(DHB), 2013 WL 4517861 at *1 (S.D. Cal. Aug. 15, 2013) (citing cases). In the absence of specific objections, the clear weight of authority indicates that the court need only satisfy itself that there is no "clear error" on the face of the record before adopting the magistrate judge's recommendation. *See, e.g.*, Fed. R. Civ. P. 72(b) Advisory Comm. Notes (1983) (citing *Campbell v. U.S. Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974), *cert. denied*, 419 U.S. 879 (1974).

Mr. McQuery generally objects to "all motions the Defendants are trying to get the courts to grant."[1] (ECF No. 31.) This is insufficient and the Court could simply review the R&R for clear error. However, the Court has reviewed the Magistrate

---

[1] To the extent Mr. McQuery objects that "[t]he address was not followed" and his mail was not rerouted (ECF No. 27), Mr. McQuery provides no evidence to support this claim. In fact, the evidence was that he was moved in 2016, well before the Motion for Summary Judgment was filed. Mr. McQuery was able to respond immediately when the R&R was served at California Men's Colony in San Luis Obispo, the same address where the Motion for Summary Judgment and *Klingele* notice were sent. Therefore, to the extent Mr. McQuery opposes the R&R because of an address change, this claim is not supported by the evidence.

Judge's decision *de novo* and finds that both the factual and legal underpinnings of the R&R are sound.

With respect to the Excessive Force claim and Qualified Immunity analysis, this Court adds that, even if the force used by the officers was excessive, the officers reasonably believed, based on all the facts of the arrest, that Mr. McQuery would not surrender and posed a risk to the officers or others. Therefore, even if there was a constitutional violation, this Court finds the right at issue was not "clearly established" and the officers are still entitled to qualified immunity. *See Pearson v. Callahan*, 555 U.S. 223, 232 (2009) (qualified immunity is a two-prong analysis: if the Court determines the officers violated a constitutional right, the Court must additionally decide whether the right at issue was "clearly established" at the time of the defendants' alleged misconduct).

### III. CONCLUSION & ORDER

Having reviewed the Magistrate Judge's R&R *de novo*, the Court concludes the reasoning is sound and thus **ADOPTS** it in its entirety. (ECF No. 25.) The Court **DENIES** Plaintiff's Request for Evidence and Appointment of Counsel (ECF No. 29), **GRANTS** Defendants' Motion for Summary Judgment (ECF No. 18), and **DENIES AS MOOT** Defendants' Motion to Dismiss for Lack of Prosecution (ECF No. 25.)

The Clerk of the Court is directed to enter judgment in favor of Defendants.

**IT IS SO ORDERED.**

DATED: June 9, 2017

Hon. Cynthia Bashant
United States District Judge